# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | | |
|---|---|---|
| VAMPIRE FAMILY BRANDS, LLC, | ) | Case No. 8:23-cv-1014-TPB-TGW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DRACULA'S LEGACY, LLC, | ) | |
| ELENA RAMONA NEAMTU, and | ) | |
| VASILE RELU NEAMTU | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## VAMPIRE FAMILY BRANDS, LLC'S MOTION TO DISMISS DEFFENDANTS COUNTERCLAIMS AND THE FIRST FOUR AFFIRMATIVE DEFENSES PURSUANT TO FRCP 12(b)(6), 12(c) and 12(f).

## I.     INTRODUCTION

Plaintiff brings this motion to dismiss the counterclaims and the third and fourth affirmative defenses based on defendants' failure to properly describe with particularity the alleged fraud committed by Plaintiff on the trademark office and relating to defendants' failure to comply with *Twombly/Iqbal* pleading standards. Plaintiff also brings this motion to dismiss the first and second affirmative defenses for failure to comply with the *Twombly/Iqbal* standards.

During the meet and confer on this motion, defense counsel argued that it is too late to file any motion attacking the sufficiency of the counterclaims and affirmative defenses since, as the defense argue, by amending the affirmative defenses, they did not open the pleadings to an attack.  That argument fails, because as will be seen below, whether the pleadings are open or closed, in either scenario, the counterclaims fail to state a claim upon which relief can be given and must be struck under either FRCP 12(b)6 or FRCP 12(c).

Put differently, either the pleadings are closed with respect to the counterclaim or not.   If they are closed, then a motion for judgment on the pleadings is appropriate.  FRCP 12(c) provides, "After the pleadings are closed --- but early enough not to delay trial ---- a party may move for judgment on the pleadings."

If the pleadings with respect to the counterclaims are not closed, then a motion to dismiss the counterclaims under FRCP Rule 12(b)(6) is appropriate.  Rule 12(b)(6) provides "A motion asserting any of these defenses [including 12(b)(6) for failure to state a claim upon which relief can be granted] must be made before pleading if a responsive pleading is allowed.

So, if it is too early to file a motion on the pleadings (because the pleadings are not closed), it is timely to file a 12(b)(6) motion.   Regardless of whether it is a 12(c) motion or a 12(b)(6) motion, the counterclaims must be dismissed since they

insufficiently allege fraud.  Defendants fail to satisfy the specificity requirements of Fed. R. Civ. P. Rule 9.

Additionally, as discussed in Section IV infra, pursuant to Fed. R. Civ. P. 12(f) many of Defendants' affirmative defenses fail to satisfy the *Twombly/Iqbal* pleading requirements as well, and therefore they too, must be dismissed.

## II. Legal Standard for Motion for Judgment on the Pleadings and for a Motion to Dismiss

Fed. R. Civ. P. Rule 12 (c) permits a party to seek judgment on the pleadings. Granting judgment on the pleadings is appropriate when "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001.) When determining whether judgment on the pleadings should be granted, "we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." *Thompson v. Regions Sec. Servs., Inc.*, 67 F.4th 1301, 1305 (11th Cir. 2023)

In determining whether a party is entitled to judgment on the pleadings, the Court accepts as true all material facts alleged in the nonmovant's pleadings and views those facts in the light most favorable to the nonmovant. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).  Dunn v. Glob. Tr. Mgmt., LLC, 506 F. Supp. 3d 1214, 1239 (M.D. Fla. 2020)

Dismissal under Rule 12(b)(6) is appropriate when a plaintiff fails to allege facts sufficient "to raise a right to relief above the speculative level" or fails to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022)

### III.    Argument as to the Counterclaims

Defendants two counterclaims seek to cancel Plaintiff's registered trademarks for Dracula (trademark registration no. 3,319,536) and Vampire (trademark registration no. 3,978,444) pursuant to 15 USC § 1064 and §1119.  15 USC §1119 gives district courts authority to cancel a trademark, and 15 USC § 1064 provides that knowingly making a material false statement as grounds for cancelation.

Defendants accuse Plaintiff of making false statements to the US Trademark Office.  Specifically, they allege:

> 21. *The USPTO relied on VFB's false statements in issuing the '536 Registration.*

> 22. **On information and belief,** *VFB's false statements were made with the intent to deceive the USPTO to rely on, and accept the application that matured into the '536 Registration.*

> 23. *VFB and/or its predecessors in interest knew the Dracula Sworn Statement was false when it was made . . . .*
> 24. *But for VFB's willful false statements the '536 Registration would not have issued.*

> 29. *The USPTO relied on VFB's false statements in issuing the '444*

4

*Registration.*

30. **On information and belief**, *VFB's false statements were made with the intent to deceive the USPTO to rely on, and accept the application that matured into the '444 Registration.*

31. *VFB and/or its predecessors in interest knew the Vampire Sworn Statement was false when it was made and. . .*

32. *But for VFB's willful false statements the '444 Registration would not have issued.*

However, Defendants failure to explicitly state what "false statements" Plaintiff actually made is contrary to Fed. R. Civ. P. Rule 9 (b) which requires a party alleging fraud "to state with particularity the circumstances constituting fraud or mistake."

Instead, Defendants generally refer to a "Vampire Sworn Statement" at Paragraph 12 and a "Dracula Sworn Statement" at Paragraph 16 which both point to the following verification text that one signs when executing a trademark application.

> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; *to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in*

5

commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, *when used on or in connection with the goods/services of such other person,* to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Combing through the counterclaims more thoroughly suggests that defendants are claiming that it was false for Plaintiff to allege that no other person could use the marks VAMPIRE or DRACULA in connection with wine or bar or restaurant services because others use the words vampire and dracula to refer to various other goods or services (ignoring classes 33 and 43 for wine, restaurant and bar services) and because Dracula, according to defendants, was a historical character.   Specifically, Defendants assert at paragraphs 9 - 11:

> *9. VFB and its managing officer have no ties or relation to Romania and therefore cannot appreciate the cultural significance of the character "Dracula" to Romanians. VFB seeks to obtain a monopoly over a historical character, and entire class of fictional characters (e.g., vampires), that it did not develop or create. Indeed, on information and belief, the consuming public does not associate vampires or Dracula with VFB, but instead associates them with Vlad the Impaler and Count Dracula.*
>
> *10. **On information and belief**, numerous third parties use Dracula or vampires to convey imagery and association with Dracula, vampires, goth culture, and Halloween.*
>
> *11. **On information and belief,** the relevant consuming public does not associate Dracula or vampires with any single brand of restaurant or brand of wine. On information and believe [sic], neither Dracula nor vampire serves a source identifying function concerning restaurant and bar services, restaurant and hotel services, restaurants, or wine.*

Defendants' counterclaims reveal a fundamental misunderstanding of trademark law and must be stricken as a matter of law.  Their counterclaim confuses the fact that a word such as apple can be generic when it refers to the fruit that one obtains from a grocery store and can also operate as an arbitrary trademark for the well-known APPLE brand of iPhones, computers, etc.  2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 11:71 (5th ed. 2019) as adopted by the 9th Circuit Standard Trademark Jury Instructions.

Similarly, the 11th Circuit Jury Standard Jury Instructions provides:

*Whether a claimed trademark is generic does not depend on the term itself, but on use of the term. A word may be generic of some things but not of others. For example, "ivory" is generic for elephant tusks, but it is not generic for soap. Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2020 Section 10.1*

Arbitrary, fanciful, and suggestive marks are generally strong. *Freedom Sav. & Loan Ass'n v. Way*, 757 F.2d 1176, 1182 & n.5 (11th Cir. 1985).  *FCOA LLC v. Foremost Title & Escrow Servs. LLC*, 57 F.4th 939, 949 (11th Cir.), cert. denied, 144 S. Ct. 103, 217 L. Ed. 2d 28 (2023).  Vampire and Dracula, used for wine and bar and restaurant services are indeed arbitrary.

One does not need to have a famous mark like Apple to obtain a trademark for a commonly used word in connection with specific goods or services.  Of course, there are numerous vampire books and movies and characters, but there is only one VAMPIRE branded and trademarked wine, and that belongs to Plaintiff.

The same goes for DRACULA wine.  The Trademark Office examined the applications before granting the trademark registrations and obviously agreed with Plaintiff.

  When Plaintiff's predecessor in interest filed its trademark application for VAMPIRE in connection with wines or restaurants and when it filed its trademark application for  DRACULA in connection with wines there were no other wines on the trademark registry, or that could be found that used the name DRACULA or VAMPIRE.

  Defendants' counterclaim points to none.  Their counterclaims generalize fraud – *on information and belief,* without pointing out how the Vampire Sworn Statement or the Dracula Sworn Statement were false.   At best, they make the preposterous argument that because Dracula was a historical figure in Romania, anyone can use the term DRACULA in connection with wine or restaurant services.[1]   That is not a counterclaim; at best it is an affirmative defense that challenges the validity of a mark.   The Counterclaim does not comply with the stringent requirements of FRCP Rule 9.

---

[1] To show the absurdity of Defendants argument, if it were to be accepted as valid, then the Samuel Adams Beer Company would lose their trademark for Samuel Adams, a famous patriot, Jefferson Whisky, named after Thomas Jefferson, our third President, would lose its trademark for Whisky, and even Starbucks, named after a character from Moby Dick, would need to worry about losing its Starbucks trademark for coffee.

At best, defendants state their opinion that one cannot have a trademark for a famous historical character whose name is used in countless movies and for Halloween costumes, without of course acknowledging that Plaintiff's trademarks are not for movies or costumes but instead for specific goods and services.   A difference in opinion, however, is not sufficient for purposes of alleging fraud.

An action for fraud requires allegations of a false statement regarding a material fact, knowledge of its falsity, the intention that the lie be acted upon, and injury to the other party caused by reasonable reliance on the representation. *Groome v. Feyh,* 651 F.Supp. 249 (S.D.Fla.1986).  *M.G.J. Indus., Inc. v. Greyhound Fin. Corp.,* 801 F. Supp. 614, 617 (M.D. Fla. 1992).

Here, not only did Plaintiff not make a false statement, but if somehow any of its statements found in the trademark applications were found to be false, that alone would not constitute a sufficient showing that Plaintiff had knowledge of its falsity, since not only does Plaintiff believe its signed statement to be true, it is not plausible that a fact finder would find it not to be true.   This raises the plausibility standards set forth in *Twombly/Iqbal* line of cases.

"A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Great Am. Assurance Co. v. Sanchuk, LLC,* No. 8:10-CV-2568-T-33AEP, 2012 WL 195526, at *2 (M.D. Fla. Jan. 23, 2012). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). For the purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true; however, the court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, at 679, 129 S.Ct. 1937. Although the plaintiff or counterclaimant is not required to provide "detailed factual allegations" to survive dismissal, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937; *Twombly*, 550 U.S. at 555, 570, 127 S.Ct. 1955.

Defendants have merely stated threadbare recitals of the elements of a cause of action to cancel Plaintiff's trademark registrations but say nothing more than mere conclusory statements.   They need to do more than simply claim fraud on information and belief.  Generally, allegations of fraud based on information and belief do not satisfy Rule 9(b)'s heightened standard of pleading. *Hekker v. Ideon Grp., Inc.,* No. 95–681–Civ–J–16, 1996 WL 578335, at *4 (M.D.Fla. Aug. 19, 1996) In re Palm Beach Fin. Partners, L.P.*, 488 B.R. 758, 767 (Bankr. S.D. Fla. 2013). Thus, Defendants' counterclaims must be dismissed.

IV.    **The First, Second, Third and Fourth Affirmative Defenses fail to satisfy the Twombly/Iqbal Standards and they too must be dismissed.**

While no Appellate Court has stated the *Twombly* and *Iqbal* Supreme Court rulings are applicable to affirmative defenses, many district courts, including those in this State have decided that *Twombly/Iqbal* does apply.

The Southern District of Florida in *Gomez v. Bird Auto., LLC, 411* F. Supp. 3d 1332, 1337 (S.D. Fla. 2019) considered this matter and stated:

> The Court is persuaded – by three considerations – that *both* complaints and affirmative defenses are subject to *Twombly* and *Iqbal*. First, *Iqbal's* extension of the *Twombly* pleading standard was premised on *Twombly's* holding that the purpose of Rule 8 – in general – was to give parties notice of the basis for the claims being sought. Importantly, the Supreme Court discussed Rule 8 at large and never limited its holding solely to complaints. Plaintiff's reliance on a subtle difference in wording (i.e. "show" and "state") between Rule 8(a) and 8(b) is unpersuasive because the purpose of pleading sufficient facts is to give fair notice to the opposing party that there is a plausible and factual basis for the assertion and not to suggest that it might simply apply to the case. This was the foundation for the decisions in *Twombly* and *Iqbal* and it applies equally to complaints and affirmative defenses.
>
> Second "it neither makes sense nor is it fair to require a plaintiff to provide defendant with enough notice that there is a plausible, factual basis for...[his

claim under one pleading standard and then permit the defendant [or counter-defendant] under another pleading standard simply to suggest that some defense may possibly apply in the case." *Castillo v. Roche Labs. Inc.*, 2010 WL 3027726, at *2 (S.D. Fla. Aug. 2, 2010) (quoting *Palmer v. Oakland Farms, Inc.*, 2010 WL 2605179, at *4 (W.D. Va. June 24, 2010)). And third, "when defendants are permitted to make "[b]oilerplate defenses," they "clutter [the] docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery." *Castillo,* 2010 WL 3027726, at *3 (citation and internal quotation marks omitted).

When coupling the three considerations discussed above with the fact that a majority of courts have agreed with this position, we hold that there is no separate standard for complaints and affirmative defenses in connection with Rule 8. *See, e.g., Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171–72 (N.D. Cal. 2010) ("While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue, the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses.") (citing *CTF Dev., Inc. v. Penta Hospitality, LLC,* 2009 WL 3517617, at *7–8 (N.D. Cal. Oct. 26, 2009) ("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense"); *see also Hayne v. Green Ford Sales, Inc.,* 263 F.R.D. 647, 650 n.15 (D. Kan.

12

2009) (citing nine cases applying *Twombly* and *Iqbal* to the pleading of affirmative defenses)).

Applying *Twombly*'s heightened pleading standards to the first four affirmative defenses in this case, it is apparent they must be stricken.

The first affirmative defense states, "*The Complaint fails to state any claim upon which relief may be granted.*" That is not an affirmative defense. *F.D.I.C. v. Stovall*, 2014 WL 8251465, at *2 (N.D. Ga. Oct. 2, 2014). "For example, responding that plaintiff's complaint fails to state a claim upon which relief may be granted—the standard for dismissal under Rule 12(b)(6)—or that defendants did not owe plaintiff a duty does not raise an affirmative defense." *Id.* (citing *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.")).

The second affirmative defense states, "*Dracula Defendants have not infringed any valid, enforceable trademark owned by Plaintiff.*" For the same reasons as the first affirmative defense, this purported affirmative defense only claims a defect in Plaintiff's prima facie case and is not an affirmative defense.

The third and fourth affirmative defenses claim unclean hands and fraud and must be dismissed for the same reasons discussed above in connection with the counterclaims. They are not pled with the required particularity pursuant to FRCP Rule 9.

In the words of the *Gomez v. Bird Auto* court,

13

Having established that *Twombly* applies to affirmative defenses, Plaintiff's motion is well taken because many of the defenses are vague, conclusory, and otherwise fail to describe how they apply to the facts of this case. The lack of factual support runs rampant as many of the defenses are merely one sentence long.

Such is the case here.

## V.     Conclusion

For the foregoing reasons both of Defendants' counterclaims and its first four affirmative defenses should be dismissed.

### Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), on July 2, 2024, Michael Machat counsel for Plaintiff and Woodrow Pollack, met and conferred via telephone regarding this motion.  On July 14 and 15, Mr. Machat and Mr. Pollack exchanged emails confirming their prior positions from July 2, 2024 remained unchanged.

DATED this 18th day of July, 2024.

Respectfully submitted by:

/s/ _Michael Machat
Michael Machat, Esq. CA Bar No. 109475
MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Suite 250
West Hollywood, California 90069
Telephone: (310) 860-1833
Email: michael@machatlaw.com

14

*Counsel for Plaintiff*

Daniel B. Ravicher, Esq.
Florida Bar No. 102809
**ZEISLER PLLC**
80 SW 8th St Ste 3110
Miami, FL 33130
Tel.: (786) 505-1205
dan@zeisler-law.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 18, 2024 a true and correct copy of the

foregoing was filed electronically and served by mail on anyone unable to accept

electronic filing.

*/s/ Michael Machat*
Michael Machat