## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

_____

**VAMPIRE FAMILY BRANDS, LLC**

               Plaintiff,

                                       Case No. 8:23-cv-01014-TPB-TGW

v.

**DRACULA'S LEGACY, LLC,**
**ELENA RAMONA NEAMTU, and**
**VASILE RELU NEAMTU,**

               Defendants.
_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
## TO DISMISS [DKT. 75]

Plaintiff's Motion [Dkt. 75] must be denied and is a transparent effort to simply try to drive up litigation costs. Plaintiff responded to Defendants' counterclaim last November but has used Defendants' Court-authorized amendment of our affirmative defenses as a basis to try to reopen attacks on the pleadings. Through Defendants' Amended Answer, Affirmative Defenses, and Counterclaims [Dkt. 73], we added the affirmative defenses of first sale and aesthetic functionality. We filed the document as a unified "Amended Answer, Affirmative Defenses, and Counterclaims" because that is the form the document was in when we attached it to our motion to amend our affirmative defenses. The Answer and Counterclaims in that document are identical to what we pleaded last October in [Dkt. 44]. Indeed, Plaintiff has already answered the Counterclaim (*see*

[Dkt. 46], Vampire Family Brands, LLC's Answer to Counterclaim).  Aside from the 2 affirmative defenses we just received leave to add, Plaintiff has been on notice of our affirmative defenses since at least October 19, 2023. The pleadings are closed and any motion to dismiss under Fed. R. Civ. P. 12(b)(6) must therefore be denied or construed as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Further, Plaintiff's motion to dismiss Defendants affirmative defenses must instead be construed as a motion to strike pursuant to Fed. R. Civ. P. 12(f).

Plaintiff's Motion fails to establish grounds for the dismissal and striking of Defendants' counterclaims and affirmative defenses. Plaintiff argues that by filing its Amended Affirmative Defenses [Dkt. 73], Defendants reopened the pleadings—thereby allowing Plaintiff to pursue a motion to dismiss. Regardless of how the Court chooses to construe Plaintiff's Motion, one thing is clear— Plaintiff is now seeking to relitigate counterclaims and affirmative defenses that it has been put on notice of since October 19, 2023, when Defendants filed their Amended Answer, Affirmative Defenses, and Counterclaims [Dkt. 44].  Plaintiff recognized these claims and defenses were adequately plead back in November, when it responded to them, but is disappointed that Defendants will not pay Plaintiff any money, so Plaintiff is seeking to increase the litigation burden by pursuing this motion now.  Notably, Plaintiff is not attacking either of the 2 affirmative defenses that were added through our amended affirmative defenses. Instead, Plaintiff seeks to strike defenses that were originally asserted almost a year ago.

## I.    BACKGROUND

Dracula's Legacy is a small local business currently operating Dracula-themed wine bars in St. Petersburg and Tampa. Its owners are a Romanian family that immigrated to the United States to pursue a better life. Elena Ramona Neamtu (wife) and Vasile Relu Neamtu (husband) own and operate the bars. In order to make a living, Defendants opened a wine bar called "Dracula's Legacy" to pay homage to their Romanian heritage, and in particular, the legacy of the Romanian hero Vlad the Impaler/Dracula. To follow the theme of "Dracula" and vampires that originated in Transylvania, Romania, Dracula's Legacy stylized its wine bar with vampire aesthetics with various references to "Vlad the Impaler" and "Dracula." Over time, Dracula's Legacy has built a successful small business that attracts many patrons from all over who are intrigued by the bar's unique theme and the homage paid to the legacy of Vlad the Impaler/Dracula.

Years before this lawsuit, Plaintiff learned that Defendants' wine bar was called Dracula's Legacy. Plaintiff did not object to this usage, and instead sought to sell wine products to Defendants—some of which Defendants did offer for sale at their bar in the years preceding this lawsuit. It wasn't until Defendants had begun selling their own house wine branded under the name of their wine bar that Plaintiff began demanding that Defendants either enter into a license with Plaintiff or change the name of their bar and stop the sale of wine called Dracula's Legacy.

Defendants obtained the accused wines from a Romanian wine producer (Budureasca) and an importer (Amavi). The wine producer and importer were also named as defendants here and each separately negotiated a nominal settlement agreement with the Plaintiff.

Defendants maintain that Dracula's Legacy as a name of a wine does not infringe any rights Plaintiff may have.  But, to appease Plaintiff, Defendants ceased such sales of that wine long ago.  And the importer and distributor each entered into settlement agreements that provided for payment to Plaintiff for each of the bottles of the accused wine.  Thus, Plaintiff no longer has any viable claims against Defendants for the wine itself.

At the Court's status conference held on February 28, 2024, Plaintiff stated to the Court that the case would be settled within a couple of months. *See* Hr. Tr. 2/28/2024 at 4:5-10.  Those talks never really progressed, and Defendants have refused Plaintiff's overtures to pay money to Plaintiff.  So, Plaintiff now seeks to increase the litigation costs through motion practice.

It is notable that Plaintiff is a single-person company, owned and run by Michael Machat.  Mr. Machat also serves as Plaintiff's lead counsel.  Thus, his costs of enforcement are near-zero.  This is likely a reason Plaintiff has filed numerous lawsuits seeking to gain nationwide control over all uses of the word Dracula or vampire.  Now Plaintiff pursues a Motion pursuant to Fed. R. Civ. P. 12(c) and 12(f) that must be denied. Defendants have sufficiently pled their counterclaims and Plaintiff's attempt to strike year-old affirmative defenses comes too late. The Court must deny Plaintiff's Motion.

## II.   LEGAL STANDARD

### A.   Motion for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  "Judgment

on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Carson v. Monsanto Co.,* 72 F. 4th 1261, 1266 (11th Cir. 2023) (quotation omitted). "A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth LLC,* 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011) (citing *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In determining a motion to dismiss, the Court should take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs. *See Edwards v. Prime, Inc.,* 602 F.3d 1276, 1291 (11th Cir. 2010). The Court is not, "however, required to accept the labels and legal conclusions in the complaint as true." *Id.* (quoting *Sinaltrainal v. Coca–Cola Co.,* 578 F.3d 1252, 1261 (11th Cir. 2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.

### B.    Motion to Strike

"An affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the defense." *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1360 (M.D. Fla. Apr. 22, 2008) (citing 5 Wright & Miller FEDERAL PRACTICE AND PROCEDURE 3RD. § 1274 at 455–56). "A defendant is not required under the Federal Rules to support its affirmative defenses with elaborate factual detail." *Id*. "In responding to a pleading, a party must, state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). "When faced with a motion to strike, affirmative defenses are measured against Rule 12(f) which provides that 'the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.'" *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 2019 WL 11648463, at *7 (M.D. Fla. Jan. 16, 2019); Fed. R. Civ. P. 12(f).  "Courts have broad discretion in deciding a motion to strike. However, [s]uch motions are disfavored due to their drastic nature." *Id*. (Quoting *Hamblen v. Davol, Inc.*, 2018 WL 1493251, at *3 (M.D. Fla. Mar. 28, 2018)) (internal quotation marks omitted). "[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. TransWorld Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

## III.   ARGUMENT

### A.    Motion for Judgment on the Pleadings

Defendants' counterclaims for cancellation of Plaintiff's trademark registrations for DRACULA (U.S. Trademark Reg. No. 3,319,536) and VAMPIRE (U.S. Trademark Reg. No. 3,978,444) on the basis of fraud are sufficiently pled to enable the Court to draw the reasonable inference that Plaintiff is liable for the alleged misconduct and satisfy the heightened pleading requirements of Rule 9(b). Each counterclaim is also pled with particularity to identify the who, what, when, where, and how of the alleged fraud. *See Mount v. Am.'s Insured, LLC*, 2023 WL 4455489, at *6 (M.D. Fla. July 11, 2023) ("Claims of fraud in federal court are subject to the Federal Rules of Civil Procedure's heightened pleading standard under Rule 9(b) which requires that plaintiffs plead these claims 'with particularity;' this means 'identifying the who, what, when, where, and how of the fraud alleged.'") (Citing *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1307 (11th Cir. 2022).

Here, the counterclaims as presently pled do just that. They identify Vampire Family Brands (the "who"), as committing fraud on the USPTO (the "what" and "where") during prosecution and renewal of the DRACULA and VAMPIRE applications (the "when") by knowingly submitting false and material sworn statements to the USPTO (the "how"). *See* [Dkt. 73] at ¶¶ 19-35. The Counterclaims even go as far as identifying the exact sworn statements that Plaintiff submitted during prosecution of the marks and explicitly allege that Plaintiff or its predecessors in interest knew that the sworn statements were false when they were made and, despite such knowledge, willfully submitted such statements knowing that they were punishable by fine or imprisonment, and that

such willful false statement would jeopardize the validity of the registrations. [Dkt. 73] at ¶¶ 23 and 31. Thus, Plaintiff is simply wrong when he says that Defendants have failed to explicitly state what the "false statements" are. The Counterclaims also make clear that Plaintiff's sworn statements were material since the USPTO relied on them in issuing the '536 and '444 Registrations. [Dkt. 73] at ¶¶ 21 and 29. "To state a claim for fraud [in connection with a federal trademark registration], the challenged statement must be false, must be made with knowledge that it is false, and must be material to the examining attorney's decision to approve the application." *In Dime We Tr., RLT by & through Haney v. Armadillo Distribution Enterprises, Inc.*, 2022 WL 4461805, at *7 (M.D. Fla. Aug. 10, 2022) (quoting *Marrero Enter. of Palm Beach, Inc. v. Estefan Enter., Inc*, 2008 WL 11412087, at *5 (S.D. Fla. Dec. 16, 2008)).

Further, Defendants have also sufficiently pled that Plaintiff had knowledge of the falsity of those statements and there is no requirement that the Counterclaims plead Plaintiff's knowledge with particularity to satisfy the requirements of Rule 9(b). *See Mount*, 2023 WL 4455489, at *6 ("Malice intent, knowledge, and other conditions of a person's mind, however, may be alleged generally.") (Internal citations and quotation marks omitted).

Contrary to Plaintiff's assertions, Defendants' Counterclaims contain sufficient factual matter which, if accepted as true, state a claim to relief that is plausible on its face. The mere fact that certain general allegations include the preamble "On information and belief" does not make the Counterclaims mere conclusory statements. *See Herengracht Grp. LLC v. WM. Wrigley Jr. Co.*, 2011 WL

13174744, at \*6 (S.D. Fla. Aug. 15, 2011) ("As stated by the Federal Circuit, a plaintiff may plead based upon information and belief, but only if the pleading sets forth the specific facts upon which belief is reasonably based.) (Internal citation and quotation marks omitted); *see also Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330 (Fed. Cir. 2009) ("Pleading on 'information and belief' is permitted under Rule 9(b) when essential information lies uniquely within another party's control, but only if the pleading sets forth the specific facts upon which the belief is reasonably based.").

Here, Defendants have sufficiently pled their Counterclaims pursuant to heightened pleading standards of Rule 9(b) and therefore Plaintiff's Motion must be denied.

### B.   Motion to Strike

#### 1.   The pleading standards of *Twombly* and *Iqbal* do not apply to affirmative defenses.

The Eleventh Circuit is silent on whether the pleading standards of *Iqbal* and *Twombly* apply to affirmative defenses and Plaintiff has not cited to any binding authority to support its position. Notably, Plaintiff has not cited to any cases from the Middle District of Florida to support its position. This is because district courts in the Middle District of Florida have routinely taken the position that *Iqbal* and *Twombly* do *not* apply to affirmative defenses. *See Green Shades*, 2019 WL 11648463, at \*8 ("The Court determines that the pleading standards of *Twombly* and *Iqbal* do not apply to affirmative defenses.") (Citing *Hamblen*, 2018 WL 1493251, at \*3); *see also Moore v. R. Craig Hemphill & Assoc.*, 2014 WL 2527162, at \*2 (M.D. Fla., May 6,

2014). The *Green Shades* court refused to apply *Iqbal* and *Twombly's* heightened pleading standards and explained that the proper inquiry should be whether the affirmative defenses contain enough detail to provide a plaintiff with fair notice of the defenses at trial. *Green Shades*, 2019 WL 11648463, at *3.

Here, each and every one of Defendants affirmative defenses satisfy this inquiry and do not raise any redundant, immaterial, impertinent or scandalous matter. *See Fed. R. Civ. P.* 12(f). Defendants first, second, third, and fourth affirmative defenses bear enough relation to the controversy, do not confuse the issues, and do not prejudice Plaintiff. And in cases where affirmative defenses have been improperly pled, courts in this district have held that each affirmative defense should either be treated as a specific denial or be deemed sufficiently pled to survive a motion to strike so long as the defenses are not patently frivolous or clearly invalid as a matter of law. *See Opulent Treasures, Inc. v. Ya Ya Logistics*, Inc., 2022 WL 20582033, at *2 (M.D. Fla. Dec. 20, 2022) (The Court denying plaintiff's motion to strike affirmative defenses of trademark invalidity, trademark non-infringement, and fraud (among others)). "Where a defendant mislabels a denial as an affirmative defense, the proper remedy is not to strike the claim, but rather to treat it as a specific denial." *Grovenor House, L.L.C. v. E.I. Du Pont De Nemours & Co.*, 2010 WL 3212066, at *3 (S.D. Fla. Aug. 12, 2010).

It's clear that courts in the Middle District do not apply the heightened pleading standards of *Iqbal* and *Twombly* to affirmative defenses. However, even if this Court were to determine that Defendants affirmative defenses were not

sufficiently pled, the Court need only treat them as specific denials of Plaintiff's claims as Plaintiff has made no adequate showing of prejudice.

## IV.    CONCLUSION

The Court must deny Plaintiff's Motion. Defendants have sufficiently pled their counterclaims and Plaintiff's attempt to strike Defendants' affirmative defenses comes far too late. Plaintiff fails to demonstrate that it is entitled to the relief sought in its Motion.

Date: August 9, 2024

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack
Lead Counsel
Florida Bar No. 26802
Brian Paul
Florida Bar No. 1018684
**SHUTTS & BOWEN, LLP**
4301 W Boy Scout Blvd
Suite 300
Tampa, FL 33607
(813) 463-4894
wpollack@shutts.com
 bpaul@shutts.com

***Counsel for Dracula Defendants***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>August 9, 2024</u> a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack