UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VAMPIRE FAMILY BRANDS, LLC,

    Plaintiff,

v.                                                              Case No. 8:23-cv-1014-TPB-TGW

DRACULA'S LEGACY, LLC, et al.,

    Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO AMEND COMPLAINT AND DENYING MOTION FOR LEAVE TO FILE REPLY

This matter is before the Court on "Vampire Family Brands, LLC's Motion to Dismiss the Fourth, Fifth and Sixth Claims Without Prejudice and Modify the Prayer for Relief," filed on September 13, 2024. (Doc. 82). Defendants filed a response in opposition on September 27, 2024. (Doc. 86). Plaintiff filed an unauthorized reply memorandum couched as a "motion" for leave to file a reply on October 1, 2024. (Doc. 87). Defendant responded on October 15, 2024. (Doc. 88). Based on the motions, responses, court file, and record, the court finds as follows.

This is a trademark dispute. Plaintiff Vampire Family Brands, LLC seeks leave to "dismiss" three counts of its amended complaint and to file a second amended complaint with only two counts. The three counts to be eliminated assert claims under the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA")

(Count IV), common law trademark infringement and passing off (Count V), and dilution under § 495.151, *F.S.* (Count VI). The counts remaining under the proposed amendment would be Lanham Act claims under 15 U.S.C. § 1125(a) (Count I) and 15 U.S.C. §1114 (Count II). According to Plaintiff's motion, Count III, for cancellation of a trademark registration, was directed only against a Defendant who has been dismissed with prejudice. Accordingly, it appears this count would be eliminated as well. Plaintiff also seeks to drop its claim for lost profits.

The Court construes Plaintiff's motion to "dismiss" the three counts and drop the prayer for lost profits as a motion for leave to amend the complaint. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).") (quoting 8 *Moore's Federal Practice* § 41.21[2], at 41-32)). Pleading amendments are disfavored after a scheduling order has been entered but may be granted on a showing of good cause. *See, e.g., Spinelli v. Capital One Bank*, No. 8:08-cv-132-T-33EAJ, 2008 WL 4937828, at *1 (M.D. Fla. Nov. 18, 2008). Whether to modify a scheduling order to allow an amendment is committed to the district court's sound discretion. *E.g., Fox v. Safeco Ins. Co. of Illinois*, No. 8:16-cv-2665-T-23JSS, 2017 WL 8809487, at *1 (M.D. Fla. May 10, 2017). Courts may impose conditions on the granting of leave to amend, including the payment of attorney's fees. *See* Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1486 (3d ed.).

While amendments are disfavored once a scheduling order has been entered, the proposed amendment would streamline the proceedings going forward by

eliminating three claims or legal theories from the case. This is a result worthy of encouragement. The Court generally believes that "less is more" and encourages civil litigants to focus their efforts on their strongest claims and defenses rather than adopting a "kitchen sink" approach to litigation. The Court finds that streamlining the case constitutes good cause to allow the amendment. *See, e.g.*, *Emmaculate Reflections, LLC v. Altman*, No. 6:19-cv-2233-Orl-78LRH, 2020 WL 9596264, at *2 (M.D. Fla. Sept. 14, 2020) (granting leave to amend where the plaintiffs stated they "wish[ed] to minimize litigation expenses and narrow the focus of the claims in this case").

Defendants, however, argue they would be prejudiced by the amendment because they have incurred expenses defending against these claims, and the two statutory counts at least provide them with the opportunity to recover those fees, an opportunity that would be foreclosed if these counts are eliminated by amendment rather than by a judgment for Defendants.[1] They argue that Plaintiff included these claims solely to increase the cost of litigation and place Defendants at risk for paying Plaintiff's attorney's fees, as leverage to extract a settlement. Accordingly, they argue, either the Court should "dismiss" these claims with prejudice or require as a condition of amendment that Plaintiff pay Defendants the fees they have incurred defending the claims.

---

[1] The Court expresses no opinion as to whether a motion for fees by Defendants based on statutory fee provisions relating to the counts being eliminated would or would not be viable if the amendment is allowed. The Court also notes that, to the extent Defendants have a good faith basis to assert that Plaintiff has included frivolous claims in order to increase litigation costs, other avenues of relief may be available. *See, e.g.*, 28 U.S.C. § 1927.

The Court concludes that, on balance, the amendment should be allowed, without the conditions requested by Defendants. A future award of fees to Defendants on the two statutory counts would require not only that Defendants ultimately prevail on those counts, but that the Court exercise its discretion to award fees. Thus, Defendants' argument that eliminating these counts now deprives them of a future fee award is speculative. The Court also has doubts about the extent of any incremental costs incurred by Defendants related solely to the counts Plaintiff proposes to eliminate. Finally, as Plaintiff notes, the Court recently allowed Defendants to amend their answer to *add* new affirmative defenses, also long after the case management and scheduling order was entered. At the same time, Plaintiff's filing of a second amended complaint will constitute its binding stipulation that it will not file another lawsuit containing the claims or causes of action reflected in Counts IV, V, or VI of the amended complaint. This will avoid any risk that Plaintiff will attempt to resurrect these abandoned claims in a later lawsuit against Defendants.

Accordingly, the Court is inclined to allow Plaintiff to amend its complaint to eliminate Counts IV, V, and VI. The Court, however, will deny Plaintiff's motion in its current form because, as Defendants correctly point out, the proposed second amended complaint attached to the motion appears to have been hastily drafted and injects confusion rather than the promised streamlining. The proposed complaint fails to eliminate Count III, which was directed only to Defendant SC Viile Budureasca Srl, which Plaintiff previously dismissed with prejudice. The proposed

complaint also asserts claims against other Defendants who were eliminated by prior dismissals.

Plaintiff's motion is therefore denied without prejudice to Plaintiff filing, on or before October 25, 2024, a renewed motion for leave to amend that attaches a proposed second amended complaint correcting the deficiencies just noted. Any proposed second amended complaint should include only the first two counts of the current complaint, and it should not include as Defendants any persons who have already been dismissed from this case. Defendants may file a response to the renewed motion within seven days of its filing. Any response should be directed at any new matter or new issues presented by Plaintiff's renewed motion and proposed complaint, as opposed to points that were or could have been raised in connection with the current motion.

Finally, Plaintiff's motion for leave to file a reply improperly includes argument. It therefore constitutes an unauthorized reply and is denied, although the Court has exercised its discretion to consider the points raised in that document. The same filing requests that the schedule for summary judgment briefing be "pushed back while this motion is pending." That request is also denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Vampire Family Brands, LLC's Motion to Dismiss the Fourth, Fifth and Sixth Claims Without Prejudice and Modify the Prayer for Relief" (Doc. 82) is **DENIED WITHOUT PREJUDICE** as set forth herein.

2. Plaintiff may file a renewed motion for leave to amend on or before October 25, 2024. Defendants may respond within seven days of the filing of the motion.

3. "Vampire Family Brands, LLC's Motion for Leave to File a Reply Brief in Support of Plaintiff's Motion to Dismiss" (Doc. 87) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of October, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**