UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VAMPIRE FAMILY BRANDS, LLC,

    Plaintiff,

v.                                                                                      Case No. 8:23-cv-1014-TPB-TGW

DRACULA'S LEGACY, LLC, et al.,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO DISMISS WITHOUT PREJUDICE**

This matter is before the Court on Plaintiff's "Time Sensitive Motion by Vampire Family Brands to Dismiss Without Prejudice, Pursuant to Fed. R. Civ. P. 41(a)(2)," filed on October 28, 2025. (Doc. 111). Defendants filed a response in opposition on November 7, 2025. (Doc. 117). The Court heard argument on the motion on January 21, 2026. (Doc. 121). Based on the motion, response, argument of counsel, court file, and record, the court finds as follows:

**Background**

This is a trademark dispute. Plaintiff Vampire Family Brands, LLC alleges that it owns registered trademarks for "Dracula" with respect to wine and food, "Vampire" with respect to wine and restaurant and bar services, and other related marks. Plaintiff alleges that it sells its "Dracula" and "Vampire" wines nationally and that they are available in retail stores, bars, and restaurants. Plaintiff filed

this suit for trademark infringement against Defendants Dracula's Legacy, LLC, Elena Ramona Neamtu, Vasile Relu Neamtu, and others no longer parties to the case, alleging the Neamtus own and operate "Dracula's Legacy" wine bars and bistro restaurants in St. Petersburg and Tampa, Florida. Defendants asserted affirmative defenses and two counterclaims against Plaintiff seeking cancellation of Plaintiff's registration for the Dracula and Vampire trademarks.

The Court granted summary judgment for Plaintiff on Defendants' counterclaim for cancellation of the Dracula mark and on the counterclaim for cancellation of the Vampire mark to the extent that the counterclaim was based on alleged fraud on the United States Patent and Trademark Office by Defendants. The Court denied Plaintiff's motion for summary judgment as to Defendants' counterclaim to cancel Plaintiff's Vampire mark based on abandonment. After these and other summary judgment rulings, issues of fact remained for trial on Plaintiff's claims and Defendants' defenses and their remaining counterclaim.

With trial set for the trial term in December 2025, Plaintiff filed the instant motion seeking dismissal of the entire case. The motion argues that Defendants' counterclaim for cancellation has been rendered moot because Plaintiff has provided Defendants with a covenant not to sue with respect to the Vampire mark that is the subject of the counterclaim. Plaintiff seeks to voluntarily dismiss its own affirmative claims for infringement *without* prejudice.

## Legal Standard

Where, as here, an answer or motion for summary judgment has been filed, a plaintiff may only obtain a voluntary dismissal by a written stipulation of all

parties or an order of the court, "on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). The granting of voluntary dismissal, as well as the imposition of any conditions for such a dismissal, are within the district court's discretion. *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986). While the mere prospect of another lawsuit is typically not a sufficient ground to deny dismissal, the court should "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id*.

## Analysis

As a first step in obtaining dismissal of the entire action, Plaintiff seeks to eliminate Defendants' remaining counterclaim for cancellation of Plaintiff's Vampire mark. Plaintiff asserts that it has provided Defendants with a covenant not to sue them for infringement of the Vampire mark and that, as a result, the counterclaim is moot. Plaintiff cites *Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013), to support its position. In that case, Nike had filed a suit for infringement against a competing footwear manufacturer, which filed a counterclaim against Nike seeking a declaration that Nike's trademark was invalid. Nike thereafter issued a covenant not to sue the defendant or related entities based on their existing footwear designs or similar future designs and moved to dismiss its own claims with prejudice. The Supreme Court held that the counterclaim was moot and properly dismissed by the district court in that case.

Defendants have not responded to Plaintiff's argument regarding the counterclaim, and based on *Already LLC v. Nike*, it appears that if Plaintiff

dismisses its Vampire-related claims *with* prejudice, then Defendants' counterclaim would be rendered moot and subject to dismissal.

Plaintiff, however, seeks to dismiss its affirmative claims against Defendants *without* prejudice and without the imposition of any costs or fees on Plaintiff. Defendants argue that any dismissal should be with prejudice or that the Court should impose attorneys' fees and costs as a condition of dismissal.

The Court has considered the arguments in the parties' submissions and at the hearing and is familiar with the course of this litigation and the nature and relative merits of the parties' contentions. The Court has weighed the relative equities and, in order to do justice as between the parties in this case, orders the following:

The Court will grant Plaintiff's motion to voluntarily dismiss its claims under Rule 41(a), but it will impose the following two conditions: first, the dismissal of Plaintiff's claims will be *with* prejudice, and second Plaintiff must give Defendants a release or covenant not to sue for infringement of Plaintiff's "Dracula" mark. The Court will leave to the parties how to work out by agreement the form and specific provisions of that document, which may cover claims based on the Dracula mark, the Vampire mark, or both. The document should be drafted so that Defendants can continue operations of their wine bars as they are currently being operated, without fear that Plaintiff will simply change its mind and renew the suit in the future. At the same time, the document should not prevent Plaintiff from filing suit in the future in the event Defendants engage in arguably infringing conduct that

differs from their current operations and sales, such as, for example, resuming sales of wines labeled "Dracula's Legacy" or the like.

The parties are directed to file with the Court within thirty days of the date of this Order a joint notice indicating whether they have reached agreement on the document described above and whether Plaintiff accepts the condition of dismissal with prejudice. To the extent the parties are unable to reach agreement on the document and/or Plaintiff does not agree to dismiss its claims with prejudice, the joint notice should describe points of disagreement. The Court will decide whether a hearing or further rulings by the Court will further resolution of any disputes.

To address the possibility that trial will be necessary, the Court has by separate notice set a pretrial conference for March 25, 2026, at 1:30 p.m., with an anticipated trial in late March or early April. Because Plaintiff's counsel Michael Machat cannot be trial counsel in the case as he will necessarily be a witness, the Court directs Plaintiff to retain trial counsel who must file a notice of appearance with the Court within forty days of the date of this Order.

In the event Plaintiff dismisses its claims with prejudice and subject to the conditions described above, the Court will dismiss Defendants' counterclaim to cancel Plaintiff's Vampire mark as moot in light of the covenant not to sue provided by Plaintiff with respect to the Vampire mark.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The "Time Sensitive Motion by Vampire Family Brands to Dismiss Without Prejudice, Pursuant to Fed. R. Civ. P. 41(a)(2)" (Doc. 111) is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

2. The parties are **DIRECTED** to file with the Court the joint notice described herein within thirty days of the date of this Order.

3. Plaintiff is **DIRECTED** to retain trial counsel who must file a notice of appearance with the Court within forty days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>2nd</u> day of February, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE