UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| VAMPIRE FAMILY BRANDS, LLC,<br>    Plaintiff,<br>v.<br>DRACULA'S LEGACY, LLC,<br>ELENA RAMONA NEAMTU, and<br>VASILE RELU NEAMTU<br><br>    Defendants.<br>DRACULA'S LEGACY, LLC,<br><br>    Counterclaimant<br>v.<br>VAMPIRE FAMILY BRANDS, LLC,<br>    Counter-defendant | Case No. 8:23-cv-1014-TPB-TGW |

**TIME SENSITIVE AND UNOPPOSED MOTION BY VAMPIRE FAMILY BRANDS TO (1) DISMISS WITH PREJUDICE, PURSUANT TO FED.R. CIV. P. 41(a)(2) AND (2) TO STAY THE CASE WHILE THE COURT RULES ON THE MOTION TO DISMISSS WITH PREJUDICE**

After reaching settlement agreements with the Romanian winery that had been producing the infringing wine and with the importer that had been importing the infringing wine, whereby they each agreed to stop producing and selling wine bearing Plaintiff's Dracula trademark, Plaintiff was able to cut off the flow of the infringing wine to Defendant Dracula Legacy. However, despite Plaintiff's efforts to settle with the remaining

1

defendants, Plaintiff was unable to do so; not even for a sum as little as just $2000 before the filing of a motion for summary judgment and then not even for a mutual walk away after this Court granted Plaintiff's motion for partial summary adjudication. So, having determined that its primary goal of enforcing its DRACULA wine trademark and continuing to deter other would-be-infringers from infringing Plaintiff's marks for VAMPIRE and DRACULA for wines and spirits had been accomplished[1], Plaintiff issued the remaining Defendants a Covenant Not to Sue modeled on the one at issue in *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 726–27, 184 L. Ed. 2d 553 (2013) and then filed a motion to dismiss without prejudice.

The remaining defendants objected to the dismissal without prejudice and a hearing was held on January 21, 2026. At the hearing the Court stated it would grant Plaintiff's request to dismiss based on two conditions. First that the dismissal be With Prejudice and second, that the Covenant not to sue be extended so Defendants could continue to operate their wine bar as they currently are operating without fear of another lawsuit. The Court

---

[1] As a trademark owner, Plaintiff is required to police its trademarks. As has been mentioned previously, Plaintiff has had to defend its trademarks, including the DRACULA wine mark from billion dollar companies, including Treasury Wine Estates who had released a wine labeled 19 Crimes Dracula Red Blend which featured artwork licensed to them by Universal City Studios who have a trademark for Frankenstein Wine as well as copyright images of Frankenstein and Dracula. Plaintiff's lawsuit against Treasury Wine Estates settled with the parties "having reached a mutually satisfactory resolution of the matter," Case No. 2:23-cv-07119-AB-AGR in the Central District of California. If Plaintiff did not police its trademarks, large companies would take them. Since Defendants opened its business, Plaintiff has had to sue The Hershey Company, Taco Bell, Applebee's, Haribo, Williams-Sonoma and others. After each lawsuit, each defendant ceased selling infringing products after a mutually satisfactory resolution of the matter.

also indicated that Plaintiff would not need to give up its rights to sue for allegedly infringing acts that would infringe its trademark for wine. Finally, the Court stated it was familiar with the record and based on the current record, it did not think attorney's fees were warranted but that could change if the case were to proceed to trial.

On February 2, 2026, the Court issued an Order granting in part and denying in part Plaintiff's motion to dismiss without prejudice. The Order indicated that the court would grant a renewed motion to voluntarily dismiss Plaintiff's claims under Rule 41(a) but would impose two conditions. (Dkt. 123 at 4.) First, the court required the dismissal of Plaintiff's claims be with prejudice. (*Id.*) Second, the Court required Plaintiff give Defendants a covenant not to sue for infringement of Plaintiff's "Dracula" mark. (*Id.*) With respect to the covenant, the court further clarified:

> The document should be drafted so that Defendants can continue operations of their wine bars as they are currently being operated, without fear that Plaintiff will simply change its mind and renew the suit in the future. At the same time, the document should not prevent Plaintiff from filing suit in the future in the event Defendants engage in arguably infringing conduct that differs from their current operations and sales, such as, for example, resuming sales of wines labeled "Dracula's Legacy" or the like.

(*Id*. at 4-5.)

Accordingly, Plaintiff has provided the remaining Defendants a revised Covenant Not to Sue, which was modified per the Court's Order at Dkt. No. 123. A copy of the Amended Covenant not to sue is attached as well as a redline comparing the first Covenant Not to Sue with the Amended Covenant Not to Sue. Accordingly, Plaintiff now requests that Plaintiff's claims be dismissed with Prejudice and Defendants' remaining counterclaims be dismissed as moot.

Finally, Plaintiff requests that all dates be stayed including the obligation to engage trial counsel while this Motion to Dismiss with Prejudice is Pending. When Plaintiff met and conferred with Defendants counsel regarding the revised covenant and the instant motion, counsel stated: "Without waiving our right to pursue our fee motion, we do not oppose Plaintiff's claims being dismissed with prejudice and our [Defendant's] remaining counterclaims being dismissed without prejudice."

For the foregoing reasons, Plaintiff respectfully requests that this case be dismissed with Plaintiff's claims being dismissed with prejudice and Defendants remaining counterclaims without prejudice.

DATED this 3rd day of March 2026.

Respectfully submitted by:

*/s/ Michael Machat*
Michael Machat, Esq. CA Bar No. 109475
MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Suite 250
West Hollywood, California 90069
Telephone: (310) 860-1833
Email: michael@machatlaw.com
*Counsel for Plaintiff*

4

Daniel B. Ravicher, Esq.  
Florida Bar No. 102809  
**ZEISLER PLLC**  
80 SW 8th St Ste 3110  
Miami, FL 33130  
Tel.: (786) 505-1205  
dan@zeisler-law.com  
*Counsel for Plaintiff*

## LOCAL RULE 3.01(G) CERTIFICATION

Plaintiff certifies that it has conferred with Defendants via emails back and forth between February 20, 2026 and March 2, 2026. Defendants' position is, "Without waiving our right to pursue our fee motion, we do not oppose Plaintiff's claims being dismissed <u>with prejudice</u> and our remaining counterclaims being dismissed <u>without prejudice.</u>   Contingent on you including the preceding sentence indicating our position in the 3.01(g) conferral section of your brief, we do not oppose delaying the trial while the Court resolves your dismissal with prejudice motion."

*/s/ Michael Machat*  
Michael Machat

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 3, 2026, a true and correct copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing.

*/s/ Michael Machat*  
Michael Machat