IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

_____

VAMPIRE FAMILY BRANDS, LLC

       Plaintiff,

v.                                   Case No. 8:23-cv-01014-TPB-TGW

DRACULA'S LEGACY, LLC,
ELENA RAMONA NEAMTU, and
VASILE RELU NEAMTU,

       Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S TIME SENSITIVE MOTION TO DISMISS

Plaintiff is once again attempting to unilaterally distance himself from the litigation mess he created. The Court's instructions in its February 2, 2026, Order [Dkt. 123] were clear in requiring the parties to "work out by agreement the form and specific provisions of" a "release or covenant not to sue for infringement of Plaintiff's 'Dracula' mark." [Dkt. 123]. Plaintiff did not try to negotiate any such agreed language. Instead, Plaintiff sent us a draft of a "Revised Covenant Not to Sue" on February 20. That proposal (which is the same as what Plaintiff has now

executed and submitted along with its motion to dismiss ([Dkt. 124-1])) did not comply with the Court's Order.  Plaintiff's numerous complaints here have asserted at least 14 separate trademark registrations for what Plaintiff describes as its "VAMPIRE and DRACULA" marks.  *See e.g.* Second Amended Complaint, [Dkt. 97] at ¶ 10.  But Plaintiff's revised covenant only promises to not sue again on 2 trademark registrations.  *See* [Dkt. 124-1] at 3-4.

On February 26, Defendants sent back a redline to Plaintiff's proposed covenant, which added in all of Plaintiff's asserted registrations.   *See* Exhibit A.  Defendants expected to hear back from Plaintiff with some negotiation, but they didn't.  Instead, Plaintiff responded the next day, saying he didn't like any of Defendants changes so he executed his version of the covenant and would pursue his dismissal motion.  We informed him that we did not oppose dismissal of his claims with prejudice, so long as our counterclaims (including our counterclaim seeking a declaration that Defendants do not infringe any of Plaintiff's purported rights) are dismissed without prejudice.  And we made clear that we reserve our right to pursue our claim for attorney's fees – a motion we will file once judgment is entered.

Plaintiff's actions here have matched the entire tenor of the case.  He does not confer with Defendants – he offers his unilateral perspective, and if it's not

2

agreed to, he proceeds unilaterally.  Not once did Plaintiff attempt to meaningfully confer or negotiate the terms of the covenant with Defendants. Not one email or phone call was made to even discuss Defendants' proposed revisions. Instead, Plaintiff unilaterally determined what language he wanted in the covenant, executed the covenant, and then filed his time sensitive Motion suggesting that he has complied with the Court's Order.  Respectfully, he did not.

Defendants are keen to put this case behind them and therefore notified Plaintiff that without waiving their right to pursue their motion for attorney's fees, they do not oppose Plaintiff's claims being dismissed *with* prejudice and Defendants' remaining counterclaims being dismissed *without* prejudice, and the stay of upcoming case deadlines while the Court resolves the Motion. Plaintiff's statement that it believes the Court has already decided an attorney fee issue is simply wrong, as the Court has not been presented with a motion on that issue yet. Defendants will timely file their motion seeking their attorney fees upon entry of judgment in their favor, as directed by the Local Rules.  That motion will explain the full history of this case, and should make clear that Plaintiff's attempt to argue it has somehow "cut off the flow of the infringing wine" is simply nonsense.  As Defendants will establish, Dracula's Legacy stopped selling the accused wine before this case began, and more importantly, the wine producer and importer

settled with Plaintiff in the December, 2023 - January, 2024 timeframe, long before the parties devoted significant resources to mediation, depositions, and summary judgment. For purposes of Plaintiff's present motion, dismissal with prejudice of Plaintiff's claims is proper, with Defendants' counterclaims (including their claim that they do not infringe any rights purportedly belonging to Plaintiff) being dismissed without prejudice.

Accordingly, while Defendants do not oppose the relief requested in Plaintiff's Motion, Defendants do not agree with the language of Plaintiff's revised covenant not to sue nor Plaintiff's assertion that attorney's fees are not warranted. Should the Court enter an Order dismissing Plaintiff's remaining claims with prejudice, Defendants reserve the right to pursue their forthcoming motion for attorney's fees and costs.

Date: March 4, 2026

Respectfully submitted,

**SHUTTS & BOWEN, LLP**

*By: Woodrow H. Pollack*
Woodrow H. Pollack
Florida Bar No. 26802
wpollack@shutts.com
Brian Paul
Florida Bar No. 1018684
bpaul@shutts.com

4

                                    SHUTTS & BOWEN, LLP
                                    4301 W. Boy Scout Boulevard
                                    Suite 300
                                    Tampa, Florida 33607
                                    Telephone No. (813) 463-4894
                                    *Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on March 4, 2026 a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                    */s/ Woodrow H. Pollack*
                                    Woodrow H. Pollack