UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| VAMPIRE FAMILY BRANDS, LLC,<br>　　Plaintiff,<br>v.<br>DRACULA'S LEGACY, LLC,<br>ELENA RAMONA NEAMTU, and<br>VASILE RELU NEAMTU<br><br>　　Defendants.<br>DRACULA'S LEGACY, LLC,<br><br>　　Counterclaimant<br>v.<br>VAMPIRE FAMILY BRANDS, LLC,<br>　　Counter-defendant | Case No. 8:23-cv-1014-TPB-TGW |

## JOINT NOTICE IN RESPONSE TO COURT'S ORDER AT DKT NO. 123

In response to the Court's Order at Docket No. 123, the Parties respond as follows:

On February 2, 2026, the Court issued an Order granting in part and denying in part Plaintiff's motion to dismiss without prejudice. The Order indicated that the court would grant a renewed motion to voluntarily dismiss Plaintiff's claims under Rule 41(a) but would impose two conditions. (Dkt. 123 at 4.) First, the court required the dismissal of Plaintiff's claims be with prejudice. *Id.* Second, the Court required

1

Plaintiff give Defendants a covenant not to sue for infringement of Plaintiff's "Dracula" mark. *Id.* With respect to the covenant, the court further clarified:

> The document should be drafted so that Defendants can continue operations of their wine bars as they are currently being operated, without fear that Plaintiff will simply change its mind and renew the suit in the future. At the same time, the document should not prevent Plaintiff from filing suit in the future in the event Defendants engage in arguably infringing conduct that differs from their current operations and sales, such as, for example, resuming sales of wines labeled "Dracula's Legacy" or the like.

*Id*. at 4-5.

The Court further stated:

> The parties are directed to file with the Court within thirty days of the date of this Order a joint notice indicating whether they have reached agreement on the document described above and whether Plaintiff accepts the condition of dismissal with prejudice. To the extent the parties are unable to reach agreement on the document and/or Plaintiff does not agree to dismiss its claims with prejudice, the joint notice should describe points of disagreement. The Court will decide whether a hearing or further rulings by the Court will further resolution of any disputes.

*Id*. at 4-5.

**Plaintiff's Position:** Plaintiff has accepted the Court's conditions of dismissal and has issued the remaining defendants a revised Covenant Not to Sue that it believes complies with the Court's conditions. Plaintiff has filed a Motion to Dismiss with Prejudice (Dkt. No. 124), attaching the revised covenant with a redline to the Motion to Dismiss with Prejudice.

**Defendants' Position:** Defendants agree to dismissal of Plaintiff's claim with prejudice and dismissal of their counterclaims without prejudice. Plaintiff's unliterally prepared revised covenant does not comply with the Court's order. The Court's February 2nd Order made clear that the parties were to work together "to work out by agreement the form and specific provisions of that document, which may cover claims based on the Dracula mark, the Vampire mark, or both." (Dkt. 123 at 4.) However, following the Court's Order Plaintiff circulated a draft of his new covenant not to sue that narrowed the carve out provisions beyond the conditions set by the Court. Because Plaintiff's language did not comport with the Court's clear instructions, Defendants did not blanketly accept Plaintiff's language and instead exchanged their own proposed revisions so that the parties could continue meaningfully working towards a final version that would be agreeable to both sides. Indeed, Defendants added language to the proposed covenant that would protect Defendants against claims brought by Plaintiff on all of the trademark registrations Plaintiff has asserted here. Instead, Plaintiff wants a covenant that just deals with 2 of them. Plaintiff saw fit to sue Defendants on 14 registrations here, and the covenant not to sue should cover them all. The unilateral draft that Plaintiff has now provided simply doesn't cover them all. Notwithstanding Defendants earnest attempts to work collaboratively with Plaintiff on the form and language of the new covenant, Plaintiff completely disregarded Defendants' edits and simply returned an executed copy of his version of the covenant. Not once did Plaintiff attempt to

3

meaningfully confer or negotiate the terms of the covenant with Defendants. Not one email or phone call was made to even discuss Defendants' proposed revisions. Instead, Plaintiff unilaterally determined what language he wanted in the covenant, executed the covenant, and then filed his time sensitive motion to dismiss suggesting that he has complied with the Court's Order.

Date: March 4, 2026                              Respectfully submitted,

*/s/ Michael Machat*                             */s/Brian Paul*
Michael Machat, Esq.                             Woodrow H. Pollack
CA Bar No. 109475                                Florida Bar No. 26802
**MACHAT & ASSOCIATES, P.C.**                    wpollack@shutts.com
8730 W. Sunset Blvd., Suite 250                  Brian Paul
West Hollywood, California 90069                 Florida Bar No. 1018684
Telephone: (310) 860-1833                        bpaul@shutts.com
Email: michael@machatlaw.com                     **SHUTTS & BOWEN, LLP**
*Counsel for Plaintiff*                          4301 W. Boy Scout Boulevard
Daniel B. Ravicher, Esq.                         Suite 300
Florida Bar No. 102809                           Tampa, Florida 33607
**ZEISLER PLLC**                                 Telephone No. (813) 463-4894
80 SW 8th St. Ste. 3110                          ***Counsel for Defendants***
Miami, FL 33130
Tel.: (786) 505-1205
dan@zeisler-law.com
*Counsel for Plaintiff*