**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| VAMPIRE FAMILY BRANDS, LLC, | ) Case No. 8:23-cv-1014-TPB-TGW |
| Plaintiff, | ) |
| v. | ) |
| DRACULA'S LEGACY, LLC, ET AL | ) |
| Defendants. | ) |
| DRACULA'S LEGACY, LLC, | ) |
| Counterclaimant, | ) |
| v. | ) |
| VAMPIRE FAMILY BRANDS, LLC | ) |
| Counterdefendant | ) |

**VAMPIRE FAMILY BRANDS, LLC'S OBJECTIONS TO BILL OF COSTS**

## I.    Introduction

In order to claim costs, one needs to be the prevailing party.  Federal Rule of

Civil Procedure 54 (d) allows costs to the prevailing party. Here Plaintiff was the

1

prevailing party, not Defendants.[1] Therefore, Defendant's bill of costs must be disallowed.

## II. Plaintiff, Vampire Family Brands is the Prevailing Party

Plaintiff won its case against Defendant SC Viile Budureasca SRL, the Romanian winery and producer of the accused wine, and Plaintiff won its case against Defendant Amavi Vinum, LLC, the importer of the accused wine. Both Defendants paid an equivalent of a reasonably royalty for the sale of the accused wine, and both agreed contractually not to do it again. Both agreed not to sell any wine using Dracula or using Vampire as a trademark in the United States. As a result of these wins, the flow of the accused wine was cut off to the remaining wine-bar defendants.

After cutting off the flow of the infringing wine, Plaintiff tried to settle with the remaining wine-bar defendants by making various low settlement offers, but they refused to do so because they wanted to cancel Plaintiff's trademarks.

The wine-bar defendants had counterclaimed that Plaintiff was not entitled to trademark DRACULA and that Plaintiff was not entitled to trademark VAMPIRE. (ECF 100.) The wine-bar defendants claimed Plaintiff defrauded the

---

[1] In some cases, a Court may rule there are no prevailing parties. *Royal Palm Props., LLC v. Pink Palm Props.*, LLC, 38 F.4th 1372, 1373–74 (11th Cir. 2022). (To bring the analogy into the endzone, we now hold that civil lawsuits more so resemble regular than post-season NFL games in that a winner does not always have to be declared. When the parties achieve a "tie," a district court may find no prevailing party for purposes of costs and fees. *Id* at 1381-1382.)

trademark office in obtaining these registrations.  However, Summary Judgment was granted in Plaintiff's favor on these two counterclaims. (ECF 110) The Court reserved judgment on the remaining portion of the wine-bar defendants counterclaim that Plaintiff had abandoned its registration for VAMPIRE for restaurant and bar services, finding that the facts needed to be determined by a jury.

Out of practicality, and following the example set by Nike in *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 726–27, 184 L. Ed. 2d 553 (2013) when there no longer was a practical need to carry on with litigation, after largely prevailing on its motion for summary judgment, Plaintiff then issued a covenant not to sue permitting the wine-bar defendants to continue operating their wine-bar under the name Dracula's Legacy, mooting the remaining portion of the single remaining counterclaim in the process. So, while it is true that the wine-bar defendants can continue to operate as Dracula's Legacy, they are logistically stopped from selling a wine called Dracula's Legacy, and their determination to cancel Plaintiff's trademarks was thwarted. On balance, Plaintiff won. The wine bar defendants lost, and Plaintiff is the prevailing party. Therefore, the wine bar defendants' application to tax costs must be denied.

**III.    The Court Need Not Declare a Prevailing Party in Every Case.**

This case bears some similarities to *Royal Palm Props., LLC v. Pink Palm Props.*, LLC, 38 F.4th 1372, 1373–74 (11th Cir. 2022). In that case,  the Plaintiff lost

its trademark infringement claim at trial, but won on Defendant's counterclaims attempting to cancel Plaintiff's trademark registrations. There, the Eleventh Circuit stated:

> Pink Palm's argument for why it is entitled to prevailing party status focuses on one thing: its successful defense of Royal Palm's infringement claim. Pink Palm seems to forget, however, that it responded to that infringement claim by asserting five counterclaims against Royal Palm, four of which sought cancellation of Royal Palm's Trademark. While most of those counterclaims were dismissed, one of Pink Palm's cancellation counterclaims and its non-infringement counterclaim proceeded to trial. The issues of Trademark infringement and cancellation were tried over three days, and the jury ultimately found that Pink Palm did not infringe the Trademark and that the Trademark was not invalid.[6] Pink Palm thus successfully defended Royal Palm's infringement claim, and Royal Palm successfully defended Pink Palm's cancellation claim.

*Id* at 1380-81. Similarly, although the wine bar defendants can continue operating their bar as they currently are doing, their access to the infringing wine was cut-off and they lost their attempt to cancel Plaintiff's trademark registrations.

## IV.    **Conclusion**

For the foregoing. reasons, the wine-bar defendants' proposed bill of costs should be denied. Either Plaintiff was the prevailing party because it defeated Defendant's attempt to cancel its trademark registrations and because it was able to cut off the flow of infringing wine, or there is no prevailing party. In either scenario, Defendants costs should be denied.

DATED this 1st day of April, 2026.

Respectfully submitted by:

4

*/s/_Michael Machat*
Michael Machat, Esq. CA Bar No. 109475
MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Suite 250
West Hollywood, California 90069
Telephone: (310) 860-1833
Email: michael@machatlaw.com
*Counsel for Plaintiff*

Daniel B. Ravicher, Esq.
Florida Bar No. 102809
**ZEISLER PLLC**
80 SW 8th St Ste 3110
Miami, FL 33130
Tel.: (786) 505-1205
dan@zeisler-law.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 1, 2026, a true and correct copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing.

*/s/ Michael Machat*
Michael Machat

5